Filed 3/11/21  P. v. Phoenix CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307950 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA061023-02) |
| v. | |
| PETER JOSEPH PHOENIX, | |
| Defendant and Appellant. | |

THE COURT:

In May 2006, a jury convicted Peter Joseph Phoenix (defendant) of four counts of first degree burglary of an inhabited dwelling house with a person present (Pen. Code §§ 459, 667.5, subd. (c)),[1] and found true the special allegation that the victims

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Defendant also goes by the names Peter Miller and Mike Fernando.

were elderly (§ 667.9, subd. (a)). The jury also found true the allegation that defendant had suffered two prior violent or serious felonies within the meaning of our state's Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)). The trial court sentenced defendant as a third-strike offender to an aggregate prison term of 144 years to life.

On appeal, this court affirmed the judgment. (*People v. Phoenix* (June 5, 2007, B194409) [nonpub. opn.].)

In May 2008, defendant filed a petition for writ of habeas corpus, which was denied (*In re Phoenix* (June 3, 2008, B208098)).

In February 2015, defendant filed a petition for resentencing under Proposition 47. The trial court summarily denied defendant's petition on the ground that his offenses were ineligible for such relief. Defendant appealed, and we affirmed the trial court order. (*People v. Phoenix* (Nov. 12, 2015, B263259) [nonpub. opn.].)

In July 2020, defendant filed a petition seeking resentencing under section 1170.95, which provides that persons convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).) In August 2020, the trial court summarily denied the petition because defendant was convicted of four counts of burglary, not murder.

Defendant filed a timely notice of appeal. We appointed appellate counsel for defendant. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496, counsel filed an opening brief setting out

2

the procedural history of this case, and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues to raise on appeal" and had informed defendant "of his right to file a supplemental brief." We sent a letter to defendant advising him that he had 30 days to file a supplemental brief.

On January 15, 2021, defendant responded to our invitation with a seven-page letter, which this court has read and considered.

Pursuant to *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278, our obligation in reviewing this appeal of an order denying postconviction relief is to "evaluate [the] arguments presented" in the defendant's supplemental brief. (*Id.* at 1040.)

In his supplemental brief, defendant freely acknowledges that he is not entitled to relief under section 1170.95. Instead, he argues that the trial court made several errors in imposing his original sentence or that subsequent events *other than* section 1170.95 warrant revisiting his original sentence. Because those arguments deal with issues not addressed in the order on appeal—and because many of his arguments were previously considered and rejected in defendant's direct appeal—we have no grounds to disturb the trial court's denial of section 1170.95 relief. (*People v. Salcido* (2008) 44 Cal.4th 93, 172.)

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.

3